## Contracts With Members of County Boards of Assistance

MARGIOTTI, Attorney General, March 18, 1938.—This will acknowledge receipt of your letter of March 9, 1938, in which you ask for an opinion as to whether the Department of Public Assistance may enter into business relations with a member of a county board of assistance, or with a corporation, one of whose members is also a member of a county board of assistance.

You indicate that upon the recommendation of several county boards of assistance your department has leased space for administrative offices from a member of a county board who owns the property. These leases provide that monthly rentals shall be paid to a member of the board.

You further desire to be advised whether, if in our opinion such contracts are held to be invalid, your de-

partment may pay accrued rentals covering the period during which the county board of assistance has occupied such leased premises.

Section 516 of The Administrative Code of July 9, 1929, P. L. 177, dealing with contracts, reads as follows:

"No member or officer of any department of the government shall be in any way interested in any contract for furnishing stationery, printing paper, fuel, furniture, materials, or supplies, to the State Government, or for the printing, binding, and distributing of the laws, journals, department reports, or any other printing and binding, or for the repairing and furnishing the halls and rooms used for the meetings of the General Assembly and its committees."

The laws of our Commonwealth have always frowned upon the thought that a public official should in any way be interested in any contract awarded by him, or by any department, board or commission with which he may be affiliated in his official capacity. Numerous laws have been passed prohibiting such practices. It is important that such laws exist in order that fraud or special privilege may at all times be avoided in the expenditure of the public moneys.

It is, therefore, our conclusion, and you are accordingly advised that it is at least bad practice, if not unlawful, for your department to lease from members of the local county board premises in which they are interested as owners or as stockholders or officers of a corporation owning the leased premises. For this reason you are advised to cancel any leases in which your department has entered involving members of local county boards, either in an individual capacity or as officers or stockholders in corporations.

Advising further relative to the payment of accrued rentals, a careful reading of the section of The Administrative Code above referred to does not indicate in that many words that an officer or member of any department of the State Government may not lease his premises

to a State agency with which he may be connected. Because there is no specific prohibition on this subject relative to leased premises, we are advising you that your department may pay the accrued rentals in all instances.